PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERESE MOHN, *et al.*, | ) | |
| | ) | CASE NO.  4:15CV0476 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GEOFFREY GOLL, ESQ., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 18] |

Pending is Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 18).  As prevailing

parties under 15 U.S.C. § 1692k(a)(3) and Ohio Rev. Code § 1345.09(F)(2), Plaintiffs seek

$20,462.50 in attorney's fees and $400 in costs for the effort expended pursuing the substantive

claims in this consumer debt collection case against Defendants Geoffrey Goll, Esq. and DDY,

Inc, Ohio, consumer debt collectors for Salem Community Hospital.  The Court has been

advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons

that follow, Plaintiffs' motion for fees is granted in part.

## I.

On March 11, 2015, Plaintiffs Terese Mohn and Thomas Mohn filed a putative class

action alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692, *et seq.*, and Ohio's Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code §

1345.01, *et seq.*

(4:15CV0476)

A Case Management Conference was conducted on June 15, 2015.  The case was referred to Magistrate Judge Kathleen Burke to conduct a mediation.  *See* Order of Reference (ECF No. 13).  The case settled prior to the mediation conference.  On July 16, 2015, the Court approved the Stipulation for Settlement Between Plaintiffs and Defendants.  Not only did Plaintiffs receive individual compensation, but the Stipulation for Settlement also provides relief pursuant to Fed. R. Civ. P. 71 for other Ohio consumers, including injunctive relief.[1]  *See* ECF No. 17.

## II.  Attorney's Fees

Under 15 U.S.C. § 1692k, an individual who prevails in a suit against a debt collector under the FDCPA is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3); *Dowling v. Litton Loan Servicing LP*, 320 Fed.Appx. 442, 446 (6th Cir. 2009).  The OCSPA permits a discretionary award of attorney's fees to a prevailing party where "[t]he supplier has knowingly committed an act or practice that violates" the OCSPA.  Ohio Rev.Code § 1345.09(F) (2); *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 30 (1990).

The Supreme Court has indicated that the courts are to calculate attorney fees under the "lodestar" method.  *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (*Delaware Valley I*).  Under this methodology the number of hours reasonably expended by the attorney are multiplied by the

---

[1] Rule 71 provides:  "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party."

(4:15CV0476)

attorney's reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014). There is a "strong presumption" that the figure so calculated represents a reasonable fee. *Delaware Valley I*, 478 U.S. at 565. The lodestar, however, must be based on the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

While the burden of persuasion is on the fee applicant to document the hours and rates in the lodestar amount, *Hensley*, 461 U.S. at 437, the burden of production to challenge the reasonableness of the requested fee is on a party seeking an adjustment of that amount—Defendants in the case at bar, *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

### A. Hourly Rate

Edward A. Icove, Esq. claims a $400 hourly rate.[2] Daniel J. Myers, Esq. requests a $225 hourly rate. Plaintiffs also claim a $125 hourly rate for the one hour spent by Ms. Laurich, Icove's paralegal. In support of their request, Plaintiffs have submitted the Declarations of Myers (ECF No. 18-1 at PageID #: 127-30)[3] and Icove (ECF No. 18-2 at PageID #: 137-43).

---

[2] According to *Johnson v. Cheek Law Offices, LLC*, No. 2:11-CV-1130, slip op. (S.D. Ohio filed May 8, 2014), Icove "is one of the most experienced consumer law practitioners in the state of Ohio." *Id.* at 6.

[3] The Declaration of Attorney Myers states that he customarily charges $250 per hour for hourly work. ECF No. 18-1 at PageID #: 130, ¶ 9. It also provides, in pertinent part:

> 6.     I have been recognized as an expert witness on the matter of attorneys' fees in consumer litigation cases by the Cuyahoga County Court

(continued...)

(4:15CV0476)

Plaintiffs also provide the United States Consumer Law Attorney Fee Survey Report (2013-2014)

prepared by Ronald L. Burdge, Esq. (ECF No. 18-3).

Defendants oppose the hourly rates sought for Plaintiffs' attorney's fees as excessive.

They argue the Court should not award the requested hourly rate of $400 for Icove.[4]  Defendants

posit that a reasonable lodestar hourly rate for Icove would be $250.  Defendants also contend the

Court should not award the requested hourly rate of $225 for Myers, who, as of the filing of the

within motion, had been licensed to practice law for less than four years (not including legal

clinic practice).  They suggest that a reasonable lodestar hourly rate for Myers would be $175.

ECF No. 19 at PageID #: 299.

Attorney fees are generally "calculated according to the prevailing market rates in the

relevant community."  *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 609, 627 (6th Cir. 2013).  The

"prevailing market" is the "venue of the court of record."  *Gonter v. Hunt Valve Co., Inc.*, 510

F.3d 610, 618 (6th Cir. 2007).  Defendants maintain that the within motion fails to adequately

---

[3](...continued)
of Common Pleas, specifically Judge Janet Burnside, in the case
PATRICK KEARNEY, ET AL vs. PATRICK'S HOME REMODELING,
INC., ET AL., case number CV-14-826660.  My opinion as to the
reasonableness of hours worked, hourly fees charged, and the rates in the
community for consumer law litigation work was relied on by the court
when it awarded the fees which I testified were reasonable.
ECF No. 18-1 at PageID #: 129.

[4]  Defendants do not, however, object to the hourly rate for time spent by Icove's
paralegal.  Paralegal fees are compensable in a FDCPA case.  *See, e.g.*, *Atallah v. Law
Office of Timothy E. Baxter, P.C.*, No. 12-cv-11618, 2013 WL 866477, at *4 (E.D. Mich.
March 7, 2013).

4

(4:15CV0476)

support Plaintiffs' requested hourly rates based upon the market rates in Youngstown, Ohio for attorneys of comparable skill and experience.  In *Shaw v. AT&T Umbrella Benefit Plan No. 1, No. 13-cv-11461, 2015 WL 8177654 (E.D. Mich. Dec. 8, 2015)*, the district court found the relevant community was the Eastern District of Michigan.  *Id.* at *5.  In *Vierling Communications GMBH v. Stroyls, No. 2:14-mc-0009, 2015 WL 268937 (S.D. Ohio Jan. 21, 2015)*, the trial court determined the Southern District of Ohio was the relevant community.  *Id. at *3*.  The Court concludes the "relevant community" in the case at bar is not only Youngstown but the entire Northern District of Ohio.  *See Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2000)* (relevant community is the legal community within the court's territorial jurisdiction).

Defendants rely upon a report from the Ohio State Bar Association entitled *The Economics of Law Practice in Ohio in 2013, A Desktop Reference*,[5] a published market survey, as a resource to measure the hourly rates in question from the standpoint of the market.  The OSBA Survey states that the 2013 median hourly rate for attorneys in Northeast Ohio (which includes Youngstown) is $180 and the 95th percentile is $300.  The median hourly rate for attorneys in Youngstown is $175 and $250 at the 95th percentile.  Finally, the median hourly rate

---

[5] ECF No. 19-1.  The 2013 report is available in its entirety at https://www.ohiobar.org/2013econstudy (last visited March 28, 2016).

(4:15CV0476)

for attorneys with three to five years in practice is $175 and $205 at the 75th percentile.  ECF No. 19-1 at PageID #: 347.[6]

Defendants also rely on two cases to support their position that the lodestar hourly rate for Icove should be $250 rather than $400.  In *Kelly v. Montgomery Lynch & Associates, Inc.*, No. 1:07CV0919, 2008 WL 4560744 (N.D. Ohio Oct. 8, 2008) (Gwin, J.), Icove was awarded an hourly rate of $300 in a class action alleging violations of the FDCPA and OCSPA that settled in July 2008.  *Id.* at *7.  In *Johnson v. Cheek Law Offices, LLC*, No. 2:11-CV-1130, 2015 WL 542189 (S.D. Ohio Feb. 10, 2015), another class action suit under the FDCPA and OCSPA, the court determined that a rate of $350 per hour for Icove "is well within the range of reasonableness for similarly skilled litigators."  *Id.* at *3.  "Rates awarded in prior cases may be some evidence of what the market rate is, but they do not set the market rate."  *Dowling*, 320 Fed.Appx. at 447.

In response, Plaintiffs note that in 2013 Icove was awarded $400 per hour for time worked on another FDCPA and OCSPA case in the Southern District of Ohio.  In *Hagy v. Demers & Adams, LLC*, No. 2:11-cv-530, 2013 WL 5728345 (S.D. Ohio Oct. 22, 2013), the court held that Icove's hourly rate of $400 was reasonable specifically because "his hourly rate has increased incrementally over the years in practice, which included his being awarded a fee of $300.00 in 2008."  *Id.* at *13.

---

[6]  The OSBA survey includes only 17 responses for the Youngstown hourly billing rates —a very small number of the relevant lawyers for Youngstown.

(4:15CV0476)

The Court finds that the hourly rates of Icove ($400) and Myers ($225), as well as the hourly rate for Icove's paralegal ($125), are reasonable and substantiated by the evidence.

**B.  Reasonableness of the Number of Hours Expended**

In support of their request that their attorneys be compensated for a total of 75.6 hours, Plaintiffs have submitted the itemized time and expense records for Myers (ECF No. 18-1 at PageID #: 131-35), Icove (ECF No. 18-2 at PageID #: 144-52), and Icove's paralegal (ECF No. 18-2 at PageID #: 153).

Defendants argue the hours expended in the case are excessive and include clerical matters which are not compensable.  ECF No. 19 at PageID #: 299.  They request that the Court adjust the lodestar calculation downward by 20%.  ECF No. 19 at PageID #: 304, 306.

Both Myers and Icove attended the Case Management Conference held in June 2015.  *See* Minutes of Proceedings dated June 15, 2015.  Defendants contend that one attorney reasonably could have attended the conference; there was no reason that two attorneys needed to be present for Plaintiffs.  ECF No. 19 at PageID #: 304.  This contention lacks merit.  *Hagy*, 2013 WL 5728345, at *9 ("[T]hat both [co-counsel] and Attorney Icove attended . . . teleconferences and collaborated with respect to motions practice is not unusual.").

Myers is touted as having a "surprising amount of litigation experience" for being in practice less than 4 years.  ECF No. 18 at PageID #: 120.  The confidence in Myers' ability is undercut by the review of his work by Icove.

7

(4:15CV0476)

The Court agrees with Defendants that Myers should not be compensated for clerical

work.  The itemized time and expense records for Myers (ECF No. 18-1 at PageID #: 131-35)

include the following entries:

| Date | Description | Quantity |
|------|-------------|----------|
| 10/09/2014 | Listened to, assisted in transcription of, and reviewed transcripts of phone calls sent to me by Terese Mohn. | 1.10 |
| 10/10/2014 | Listening to and transcribing phone calls. | 2.50 |

ECF No. 18-1 at PageID #: 131.  The Court deducts 3.00 hours from the above entries because

Myers' "transcription of phone calls" is not compensable at an attorney rate due to it being

clerical in nature.  This type of work should not be billed under fee-shifting statutes.  *Missouri v.*

*Jenkins*, 491 U.S. 274, 288, n.10 (1989).

Defendants argue that "a large portion of attorney Myers' time entries are block billed."

ECF No. 19 at PageID #: 306.  However, the only example Defendants give is the following

entry:

| Date | Description | Quantity |
|------|-------------|----------|
| 06/17/2015 | Teleconferenced with Ed Icove.  Teleconferenced with Boyd and Ed.  Teleconferenced with Magistrate Judge Burke.  Revised the Stipulation, conferenced with Ed Icove about it regarding issues.  Exchanged numerous emails with Ed Icove concerning Stipulation and settlement matters. | 2.10 |

ECF No. 18-1 at PageID #: 134.  Plaintiffs respond "Myers entered this lengthy description of the

activities he was working on at one time.  This is not block billing, all of these activities were

8

(4:15CV0476)

occurring immediately after each other, and some contemporaneously (such as some of the edits being made during phone conferences with Mr. Gentry)." ECF No. 20 at PageID #: 391.

While the practice of block billing is generally discouraged, block billing "does not require a court to reduce a fee award." *Oakley v. City of Memphis*, No. 06-2276 A/P, 2012 WL 2682755, *3 (W.D. Tenn. June 14, 2012). At the same time, "[c]ourts unquestionably have authority to downwardly adjust fee claims because of block billing and vague entries." *Id.* (quoting *Swapalease, Inc. v. Sublease Exchange.com, Inc.*, No. 1:07CV45, 2009 WL 1119591, at *2 (S.D. Ohio April 27, 2009)). When confronted with a request for the award of attorney's fees in the face of inadequate billing records, courts in the Sixth Circuit often apply across-the-board fee reductions. *Sykes v. Anderson*, 419 Fed.Appx. 615, 618 (6th Cir. 2011); *see also Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 707 F. Supp.2d 737, 763 (N.D. Ohio 2010), *as corrected* (Apr. 13, 2010) (applying a 50% lodestar fee reduction for inadequate billing documentation, including block billing and the "fail[ure] to set forth the amount of time each attorney spent on any given task").

"Once a plaintiff proffers an itemized and detailed bill, it is well-established that conclusory allegations that the hours are excessive and that counsel employed poor billing judgment do not suffice to undermine it." *Dowling v. Litton Loan Servicing, LP*, No. 05-CV-098, 2008 WL 906042, at *4 (S.D. Ohio March 31, 2008), *aff'd*, 320 Fed.Appx. 442 (6th Cir. 2009). Defendants' argument that block billing "is prominent throughout the time entries for attorneys Myers and Icove," ECF No. 19 at PageID #: 305, is not supported by affidavit or declaration. Therefore, the Court will not reduce the fee award because of block billing.

9

(4:15CV0476)

Defendants argue it was not reasonable for Icove to bill for reviewing so much of Myers'
emails and work product.  ECF No. 19 at PageID #: 304-305.  The Court deducts 0.90 hours for
the following entries by Icove that appear to charge for reviewing Myers' work without it being
apparent that Icove added value to what Myers had already produced.  The sole exception is
Icove's review of documents and an email from "Judge" on July 10, 2015.  Presumably Icove
gained value from that chore.

| Date | Description | Quantity |
|------|-------------|----------|
| 10/08/2014 | Telephone call with Dan; reviewed email from Dan. | 0.20 |
| 03/12/2015 | Reviewed email from Dan; email and voice message to Dan. | 0.20 |
| 07/14/2015 | Reviewed email from Dan and telephone call with him. | 0.10 |
| 07/20/2015 | Reviewed email from Dan; email to Dan. | 0.10 |
| 07/27/2015 | Reviewed emails w/ Dan. | 0.20 |
| 08/01/2015 | Reviewed email from Dan to Boyd. | 0.10 |

ECF No. 18-2 at PageID #: 144-52.

### III.  Costs

Plaintiffs request costs of $400.  Defendant does not offer any opposition to Plaintiffs
recovering the filing fee as costs.  The Court concludes Plaintiffs are entitled to costs for the
filing fee in the amount of $400.

10

(4:15CV0476)

## IV.  Fees-for-Fees

Plaintiffs have stated that they will supplement the within motion for fees with an additional motion requesting fees litigating the attorney's fees issue.  A "Fees-for-Fees" Motion, if any, shall be served and filed on or before April 15, 2016.

## V.

For the reasons stated herein, Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 18) is granted in part and denied in part.  The adjusted lodestar amount in fees that Plaintiffs are awarded is $19,427.50 as detailed below.

|  | **Hours** | **Rate** | **Adjusted Lodestar** |
|---|---|---|---|
| **Attorney** | | | |
| Edward A. Icove | 19.4 | $400 | $ 7,760.00 |
| Daniel J. Myers | 51.3 | $225 | $11,542.50 |
| **Paralegal** | | | |
| Ms. Laurich | 1.0 | $125 | $   125.00 |
| Total | | | $19,427.50 |

Furthermore, the Court orders that Plaintiffs be reimbursed for $400 in costs.


IT IS SO ORDERED.


 March 31, 2016                          */s/ Benita Y. Pearson*
Date                                        Benita Y. Pearson
                                            United States District Judge

11

(4:15CV0476)